IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-11305
Summary Calendar

DAVID ARRON HERNANDEZ,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-907-Y

January 7, 1999

Before JOHNSON, DUHE', and STEWART, Circuit Judges.

PER CURIAM:[*]

David Arron Hernandez, Texas prisoner # 646920, appeals from the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. Hernandez contends that the district court erred in determining that the petition was barred under the one-year limitations period of 28 U.S.C. § 2244(d). Specifically, he argues that the petition should have been deemed filed on the date which a prior § 2254 petition, which was dismissed without prejudice for failure to exhaust state remedies, was filed.

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

We have reviewed the state and federal records and conclude that the district court properly deemed Hernandez's petition untimely, as it was filed approximately two months after the jurisprudential grace period and any applicable tolling periods had passed. <u>See</u> 28 U.S.C. §2244(d)(1) & (d)(2); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 201-02 (5th Cir. 1998); <u>Fields v. Johnson</u>, 159 F.3d _914, 916 (5th Cir. 1998); <u>Lambert v. United States</u>, 44 F.3d 296, 298 (5th Cir. 1996) (plaintiff's untimely second Federal Tort Claims Act ("FTCA") complaint was barred by the statute of limitations where first, timely filed FTCA complaint was dismissed without prejudice for failure to exhaust administrative remedies, because the first dismissal "left [the plaintiff] in the same position as if the first suit had never been filed").

AFFIRMED.